John D. Bennett, S.
The petitioner, who asserts that she is the surviving spouse of the decedent, seeks revocation of letters testamentary issued to the respondent on the ground that the latter falsely represented in the probate proceeding that she was the widow of decedent and that the petitioner was the former wife of the decedent.
*534 A second ground urged for revocation of letters issued to the respondent is that the executrix is guilty of gross waste and mismanagement and dissipation of the assets of the estate.
It is apparently conceded by the parties and by the papers submitted that the petitioner is the legal widow of the decedent. The question presented, therefore, is whether the respondent’s statement in the petition for probate that she was in fact the widow of the decedent, and that the petitioner was his former wife, is a false statement of a material fact justifying revocation of letters testamentary (Surrogate’s Ct. Act, § 99, subd. 4).
A number of cases have been cited by the petitioner where the courts have granted revocation of letters of administration because of false statements as to the status or the relationship of the representative. However, these cases relate to intestacy where the Surrogate’s Court Act sets up rigid priorities which determine the appointment of the representative (Surrogate’s Ct. Act, § 118). In effect, where the false statement determined the appointment made by the court, the misstatement was obviously material. Those authorities, however, have no application here since the respondent was designated the representative of the estate by the deliberate act of the testator himself.
In Warren’s Heaton Surrogates’ Courts (Vol. 2, § 132, par. 1, subd. [s], p. 72) it is stated: “More than that, the fact falsely suggested must be material. In other words, it must be something that induced the parties and the count to act as they did. Clearly if the person appointed would have been entitled to appointment even though the alleged fact had not been falsely suggested, then this can hardly be said to be ground for removal. ’ ’
The petitioner has not shown that the respondent fraudulently and with intent to deceive misstated any of the facts and that petitioner as a consequence thereof has been prejudiced or deprived of any of her rights.
The deliberate and solemn selection by the testator of the respondent to fill the office of executor should not be nullified because of a gratuitous statement, even if it were false in fact. Such an individual should not be removed from office unless statutory grounds are established (Matter of Phelps, 162 Misc. 703; Matter of Meyrowits, 108 N. Y. S. 2d 264, 274).
On all the evidence, the court does not find any justification for the revocation of letters testamentary issued to the respondent on any of the statutory grounds alleged by petitioner.
The petition is accordingly dismissed.
Settle decree on five days ’ notice.